ASSOCIATION FOR DISABLED AMERICANS, INC., et al., Plaintiffs,

v.

FLORIDA INTERNATIONAL UNIVERSITY, Defendant.

No. 99CV3513.

United States District Court, S.D. Florida, Miami Division.

Dec. 12, 2001.

William Nicholas Charouhis, William N. Charouhis & Associates, Miami, FL, for plaintiffs.

Mitchell Edward Widom, Sherril May Colombo, Bilzin Sumberg Dunn Baena Price & Axelrod, Miami, FL, for defendant.

### ORDER DISMISSING CASE ON ELEVENTH AMENDMENT IMMUNITY GROUNDS

JORDAN, District Judge.

The claims in this case against Florida International University are DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. As explained below, the Eleventh Amendment bars suit against FIU under Title II of the ADA, 42 U.S.C. § 12131 *et seq.*[1]

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The plaintiffs allege that FIU violated Title II by failing to provide sufficient qualified classroom interpreters, and by failing to provide effective note takers or other effective methods of making verbally delivered materials available to individuals with hearing impairments. *See* Complaint ¶ 9(i)-(ii) (Dec. 30, 1999) [D.E. 1]. The plaintiffs also allege that FIU violated Title II by failing to provide adequate remedies for the correction of grades and/or grade point averages to negate its failure to provide effective communication in classrooms. *See id.* at ¶ 9(iv).

 The assertion of Eleventh, Amendment immunity challenges a court's subject matter jurisdiction and must, therefore, be resolved before addressing the merits of the underlying claims. *See, e.g., Seaborn v. State of Florida*, 143 F.3d 1405,

---

1. The plaintiffs have indicated that they are not asserting claims under § 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 1 n. 1 (Feb. 15, 2001) [D.E. 76].

1407 (11th Cir.1998). FIU raised Eleventh Amendment immunity as an affirmative defense in its answer, and I recently permitted the parties to brief whether this suit could go forward. *See* Defendant's Answer and Affirmative Defenses at 3 ¶ 6 (Feb. 3, 2000) [D.E. 7].

The Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (citations omitted). Eleventh Amendment immunity may be overcome in two ways: (1) by explicit Congressional enactment through legislative powers under § 5 of the Fourteenth Amendment; or (2) by state legislation expressly waiving Eleventh Amendment immunity. *See Gamble v. Florida Dept. of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1512 (11th Cir.1986). Florida has not waived its Eleventh Amendment immunity, so the question is whether Title II of the ADA abrogates that immunity.

■ Congress may abrogate Eleventh Amendment immunity "when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (quoting *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)). In enacting Title II of the ADA, Congress unequivocally intended to abrogate the states' Eleventh Amendment immunity. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter."). *See also Garcia v. S.U.N.Y.*

*Health Scis. Cent.*, —— F.3d ——, 2001 WL 1159970, at *5 (2nd Cir. Sept.26, 2001). The less clear question is whether, in enacting Title II, Congress acted pursuant to a valid grant of constitutional authority under § 5 of the Fourteenth Amendment.

The Supreme Court held this year in *Garrett* that suits in federal court by state employees against a state to recover money damages under Title I of the ADA are barred by the Eleventh Amendment. *Garrett*, 531 U.S. at 360, 121 S.Ct. 955. The plaintiffs here assert that the holding in *Garrett* does not apply to this case because the Supreme Court specifically stated that its ruling was limited to the question of whether an individual could sue a state under Title I of the ADA. The Court did explicitly limit its holding in *Garrett* to Title I of the ADA, and specifically declined to decide whether Eleventh Amendment immunity bars claims against a state under Title II of the ADA. *Garrett*, 531 U.S. at 360 n. 1, 121 S.Ct. 955. Despite the Court's purportedly limited ruling, however, the analytical framework set forth in *Garrett* has led several lower courts to conclude that suits by individuals against states under Title II are also barred by the Eleventh Amendment. *See, e.g., Garcia*, —— F.3d at ——, 2001 WL 1159970, at *7–*8; *Thompson v. Colorado*, 258 F.3d 1241, 1247–55 (10th Cir.2001); *Badillo–Santiago v. Andreu–Garcia*, No. CIV. 98–1993(SEC), 2001 WL 1173201, at *4–*7 (D.Puerto Rico Sept.28, 2001); *Lieberman v. Delaware*, No. CIV. A. 96–523 GMS, 2001 WL 1000936, at *2–*5 (D.Del. Aug.30, 2001); *Jones v. Pennsylvania*, 164 F.Supp.2d 490, 493–94 (E.D.Pa.2001); *Frederick L. v. Dept. of Public Welfare*, 157 F.Supp.2d 509, 523–30 (E.D.Pa.2001); *Williamson v. Georgia Dept. of Human Resources*, 150 F.Supp.2d 1375, 1379–82 (S.D.Ga.2001); *Neiberger v. Hawkins*, 150 F.Supp.2d 1118, 1121–25 (D.C.Colo.2001);

*Doe v. Div. of Youth & Family Servs.*, 148 F.Supp.2d 462, 485–89 (D.N.J.2001). *But see Wroncy v. Oregon Dept. of Transp.*, No. 00–35356, 2001 WL 474550, at *1 (9th Cir. April 9, 2001); *Doe v. Sylvester*, No. CIV. A. 99–891, 2001 WL 1064810, at *5 (D.Del. Sept.11, 2001); *Doe v. Rowe*, 156 F.Supp.2d 35, 57 (D.Me.2001); *Patricia N. v. Lemahieu*, 141 F.Supp.2d 1243, 1249–50 (D.Haw.2001); *Project Life, Inc. v. Glendening*, 139 F.Supp.2d 703, 707 n. 5 (D.Md. 2001). The Eleventh Circuit has yet to address the Title II/Eleventh Amendment issue.[2]

■■■ According to the analytical framework set forth in *Garrett*, to determine whether Congress abrogated Eleventh Amendment immunity pursuant to a valid grant of constitutional authority when it enacted Title II, courts must examine (1) whether the legislative record shows that Congress identified a history and pattern of irrational discrimination by the states against the disabled, and (2) whether the rights and remedies created by Title II are congruent and proportional to the targeted violations. *Garrett*, 531 U.S. at 357, 121 S.Ct. 955. Having independently reviewed the legislative history of the ADA, I follow the thorough opinions in *Thompson, Frederick,* and *Williamson* in finding that Congress did not identify a history and practice of irrational discrimi-

nation by the states against the disabled as required under *Garrett*. *See Thompson,* 258 F.3d at 1253–54 (noting that "apathetic attitudes and refusals to make accommodations" discussed in the legislative record of the ADA do not amount to constitutional violations, and while there is "some evidence in the congressional record that unconstitutional discrimination against the disabled exists in government 'services, programs, or activities,'" most involve local officials, rather than the states); *Frederick,* 157 F.Supp.2d at 527 (noting that Congress did not specifically find discriminatory conduct on the part of the states in enacting the ADA); *Williamson,* 150 F.Supp.2d at 1380–81 (noting the absence of anecdotes of specific incidents of irrational action by the states in the committee reports from the ADA).

Reluctantly, therefore, I reach the same conclusion reached in these cases—that the Eleventh Amendment bars suits in federal court by an individual against a state under Title II of the ADA. I do not find persuasive the analysis in *Bowers v. NCAA,* 171 F.Supp.2d 389 (D.N.J.2001), because interpreting Title II to allow suits for injunctive relief only in cases of intentional discrimination would rewrite 42 U.S.C. § 12131 *et. seq.,* which contain no such limitation. *See generally United*

---

**2.** Cases like *Seaborn*, 143 F.3d at 1407, hold that Title I of the ADA abrogates Eleventh Amendment immunity, but that conclusion is no longer valid after *Garrett*. To the extent that cases like *Seaborn* make generalized pronouncements that the ADA as a whole abrogates Eleventh Amendment immunity, such statements are dicta with respect to Title II— which was not at issue in those cases—and are therefore not binding, particularly after *Garrett*. *See generally Horton v. Bd. of County Commissioners,* 202 F.3d 1297, 1302 (11th Cir.2000) (dicta is "not binding on anyone"). The Eleventh Amendment analysis of the ADA in *Kimel v. Bd. of Regents,* 139 F.3d 1426, 1433, 1441–44 (11th Cir.1998) (separate opin-

ions of Edmondson, J., and Hatchett, C.J.), *aff'd with respect to the ADEA,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), is not persuasive following the intervening decision in *Garrett*. Indeed, *Garrett* endorses the type of Eleventh Amendment analysis advocated by the dissent in *Kimel*. *See* 139 F.3d at 1448–49 (COX, J. dissenting). *See generally United United States v. Gallo,* 195 F.3d 1278, 1284 (11th Cir.1999) ("As a rule, our prior precedent is no longer binding once it has been substantially undermined or overruled by either a change in statutory law or Supreme Court jurisprudence or if it is in conflict with existing Supreme Court precedent.").

*States v. Albertini,* 472 U.S. 675, 680, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985) ("Statutes should be construed to avoid constitutional questions, but this interpretive canon is not a license for the judiciary to rewrite language enacted by the legislature."). In sum, because it is undisputed that FIU is considered an arm of the state for Eleventh Amendment purposes, *cf. Harden v. Adams,* 760 F.2d 1158, 1163–64 (11th Cir.1985) (holding that Eleventh Amendment immunity barred suit against a state university because it was an agency or instrumentality of the state under Alabama law), the plaintiffs cannot maintain this suit under Title II of the ADA.[3]

■ The plaintiffs also argue that *Garrett* does not apply to this case because the Supreme Court's ruling was limited to the question of whether an individual could sue a state for money damages. The problem with this argument is that the Eleventh Amendment bars suit against an unconsenting state for injunctive relief as well as for money damages. *See, e.g., McClendon v. Dept. of Comm. Health,* 261 F.3d 1252, 1256 (11th Cir.2001) ("In short, the Eleventh Amendment's ultimate guarantee is that nonconsenting states may not be sued by private individuals in federal court."); *Kimel,* 139 F.3d at 1429 n. 3 ("The Eleventh Amendment provides the States with immunity from suit, not just immunity from damages.") (separate opinion of Edmondson, J.); SHELDON H. NAHMOD, CIVIL RIGHTS AND CIVIL LIBERTIES LITIGATION, THE LAW OF SECTION 1983 § 9:48 (4th ed. 2000) ("States and their 'alter ego' agencies may not be sued in *federal court* directly in their own names either for damages or for

declaratory and injunctive relief by virtue of the Eleventh Amendment.").

The plaintiffs are correct ·in asserting that the Eleventh Amendment does not prohibit a federal court from hearing claims to address alleged continuing violations of federal law that are brought against state officers for prospective injunctive relief. *See generally Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Unfortunately, the plaintiffs have not sued a state officer or official in this case and have made no attempt to add any such defendant. *See Thompson,* 258 F.3d at 1246. *Cf. Frederick,* 157 F.Supp.2d at 531 (acknowledging that claims under Title II of the ADA can be brought against a state official under an *Ex Parte Young* theory.)

For the reasons set forth above, the ADA claims against FIU are DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. This case is CLOSED, and all pending motions are DENIED AS MOOT.

**3.** Because Congress did not identify a history and practice of irrational discrimination by the states, I need not and do not reach the issue of whether the remedies set forth in Title II are congruent and proportional to the purported violations, though I doubt that they are. *See, e.g., Garcia,* — F.3d at ——, 2001 WL 1159970, at *7–*8 (discussing issue).